IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE LLC, BAYER HEALTHCARE PHARMACEUTICALS INC., and ONYX PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | Civil Action No. 15-114-LPS <br> **CONSOLIDATED** |

**MEMORANDUM ORDER**

WHEREAS, presently before the court is Defendant Mylan Pharmaceuticals Inc.'s ("Mylan") Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 12),[1] on which the parties finished briefing on June 22, 2015 (D.I. 13, 21, 24), as well as Mylan's Motion to Dismiss for Lack of Personal Jurisdiction (C.A. No. 15-1162 D.I. 9)[2] in a related action which was consolidated with the above-captioned action on March 10, 2016 (*see* D.I. 50);

WHEREAS, the Court has reviewed the parties' recently-filed letters regarding how to proceed with the Motions to Dismiss (D.I. 54, 55, 58, 59) and finds that they are ripe for

---

[1] All docket citations are to Civil Action No. 15-114-LPS unless otherwise indicated.

[2] Although the motion pending in Civil Action No. 15-1162-LPS raises the additional issue of whether venue is proper, Mylan's argument regarding venue stands or falls with its position on personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) ("[T]he first test for venue under § 1400(b) with respect to a defendant that is a corporation . . . is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced.") (quoting 28 U.S.C. §§ 1391(c) & 1400(b)).

1

decision, notwithstanding the parties' stipulation to "suspend" them (D.I. 46) and notwithstanding Mylan's argument to the contrary (*see, e.g.*, D.I. 58 at 2);[3]

WHEREAS, on January 14, 2015, the Court rejected Mylan's arguments regarding substantially the same issues of law and fact as those at issue in the pending Motions to Dismiss in *Acorda Therapeutics, Inc. v. Mylan Pharmaceuticals Inc.*, 78 F. Supp. 3d 572 (D. Del. 2015), finding that Mylan is subject to the specific and general personal jurisdiction of Delaware courts;

WHEREAS, on February 3, 2016, the Court entered a Stipulation and Order which suspended further briefing and argument on the Motions to Dismiss pending receipt of "Federal Circuit guidance in pending appeals relating to personal jurisdiction in this district" – that is, pending the Federal Circuit's decision in an interlocutory appeal from this Court's *Acorda* decision (and/or an interlocutory appeal from the decision of Judge Sleet of this Court in *AstraZeneca AB v. Mylan Pharmaceuticals, Inc.*, 72 F. Supp. 3d (D. Del. 2014) ("*AstraZeneca*")) (*see* D.I. 46);

WHEREAS, on March 18, 2016, the Federal Circuit issued its decision in the appeals of *Acorda* and *AstraZeneca*, affirming this Court's finding of specific jurisdiction over Mylan, *see Acorda Therapeutics Inc v. Mylan Pharm. Inc.*, 2016 WL 1077048 (Fed. Cir. Mar. 18, 2016) ("*Acorda Appeal*");

WHEREAS, the Court concludes here that it may exercise specific jurisdiction over Mylan, for the reasons stated by the Federal Circuit in the *Acorda Appeal*;

---

[3] Mylan indicates that it will be seeking rehearing en banc by the Federal Circuit of the recent panel decision in the *Acorda Appeal*. (*See* D.I. 58 at 1) Noting that the Federal Circuit has not issued a mandate, Mylan asks the Court to "refrain[] from taking further action on Mylan's pending motions until the appellate review process has run its course." (*Id.*)

WHEREAS, the Court further concludes once again that it may exercise general jurisdiction over Mylan, for the reasons stated by this Court in *Acorda*, as general jurisdiction was an independent ground for finding personal jurisdiction over Mylan in *Acorda* that was not disturbed by the Federal Circuit in the *Acorda Appeal*;

NOW, THEREFORE, IT IS HEREBY ORDERED that Mylan's Motions to Dismiss (D.I. 12; C.A. 15-1162, D.I. 9) are DENIED WITHOUT PREJUDICE to renew should the en banc Federal Circuit or Supreme Court materially change the law from what the Federal Circuit panel has held in the *Acorda Appeal*. (*See* D.I. 59 at 1)

|  |  |
|---|---|
| March 30, 2016<br>Wilmington, Delaware | HON. LEONARD P. STARK<br>UNITED STATES DISTRICT COURT |